TEÓFILO JOSÉ MARXUACH ACOSTA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1066. Submitted March 19, 1940.—Decided June 24, 1940.

*Federico Acosta Velarde* and *Mariano Acosta Velarde* for appellant. The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On December 27, 1923, the District Court of San Juan, at the instance of Carolina Amelia Acosta, rendered judgment decreeing the termination and dissolution of the marriage ties existing between the latter and Teófilo Marxuach Plumey. The latter died on November 8, 1939, leaving three children born of his marriage with Carolina Amelia Acosta, who had not remarried.

On November 29, 1939, the District Court of San Juan entered an order declaring as the sole and intestate heirs of Marxuach his three children above mentioned. Upon presentation of a certified copy of said order, the registrar recorded it and entered at the end thereof the following note:

"The foregoing document has been recorded upon the exhibition of others, as to a house numbered 22 on España Street, now a part of the Carretera Nueva, in the South Section of the ward of Santurce, in this city, and as to another house numbered 139 on General Contreras Street of this city, the record of which has been requested at folios 168 and 241, reverse side thereof, of volumes 36 of South Santurce and 81 of the Capital; properties 2302 and 982, quadruplicate, 4th and 19th inscriptions, without prejudice to the usufructuary share pertaining to Carolina Amelia Acosta, the widow and divorced wife of the deceased."

Feeling aggrieved by that decision, the appellant heir has requested the reversal thereof and that the registrar be directed to record the order of declaration of heirship with-

out the acknowledgment of any usufructuary right in favor of the former wife of the deceased. In support of his appeal the appellant cites the case of *Ex parte Tormes,* 53 P.R.R. 396.

■ There is a notable difference between the case at bar and that of *Ex parte Tormes, supra.* At the time of the death of Lanause, Herminia Tormes had already contracted a second marriage with Beauchamp. She could not be at the same time the widow of one of them and the legitimate wife of the other. And although in deciding the case we stated the fact of the remarriage as an additional ground for affirming the judgment, it was really the fundamental reason we had for rendering the judgment that we did render in said case. And that single reason is sufficient for us to confirm said judgment by holding that where at the time of the death of a divorced person the innocent surviving spouse has already remarried, the latter is not entitled to any usufructuary share.

■ We have given careful consideration to the legal question involved in this appeal which may be formulated thus:

Has a woman, who is divorced by the fault of her husband and who at the time of the death of the latter has already remarried, the right to share in the estate of her former husband and receive the portion in usufruct provided by section 761 of the Civil Code (1930 ed.)?

Section 163 of the Civil Code of Puerto Rico, enacted in 1902, provided that marriage is dissolved by the death of the husband or wife, by divorce, and by annulment of the marriage. Sections 164 to 177 specified the grounds for divorce and prescribed the procedure to be followed in suits for divorce.

In adapting to Puerto Rico the Spanish Civil Code, the lawmaker enacted as new provisions the ones already mentioned, relating to divorce, and substituted others in lieu of existing provisions in the Spanish code.

Section 834 of the Spanish Civil Code provided as follows:

"Section 834. The widower or widow who, on the death of his or her spouse, is not divorced; or should be divorced by the fault of the deceased spouse, shall have a right to a portion in usufruct equal to that corresponding by way of legal portion to each of the legitimate children or descendants who have received any additional portion.

"If one legitimate child or descendant only survives, the widower or widow shall have the usufruct of that third which is authorized by law to be applied to additional portions, the former preserving the naked ownership until, on the death of the surviving spouse, the full title is merged in him.

"If the spouses should be separated by a suit for divorce, the result of the suit shall be awaited.

"If there should have been a pardon or a reconciliation between the divorced spouses, the one surviving shall preserve his or her rights."

The section just transcribed was eliminated from the Civil Code of 1902 and in lieu thereof, under the same title "Article Seventh—Rights of the Surviving Spouse," there was inserted section 821, which reads thus:

"Section 821.—The surviving husband or wife shall have the right if the decedent shall leave a legitimate child or an acknowledged illegitimate child or issue of these to one-half of the real and personal property of which the inheritance consists.

"If the deceased spouse shall have left more than one child living or represented by his issue if any of them had died the surviving spouse shall have the right only to the third part of the real and personal property of which the inheritance consists.

"When there is no issue, but if there are ancestors, the surviving spouse shall have the right to the half of the real and personal property of the inheritance.

"When there is neither surviving issue nor ancestors the surviving spouse shall have the right to two-thirds of the real and personal property of the inheritance."

As may be seen, neither in said section—nor in any other section of the Civil Code—is there recognized any right in favor of a spouse who is divorced by the fault of the deceased.

The said section 821, *supra,* was in force until March 9, 1905, when it was expressly repealed by a special act of the Legislature. Section 8 of that act (Laws of 1905, p. 111) is a literal transcription of section 834 of the Spanish Civil Code, *supra.*

Act No. 73 of March 9, 1911 (Session Laws, p. 234; Comp. Stat. 1911, sec. 3880), amended section 8 of the Act of March 9, 1905 (Comp. Stat. 1911, secs. 3873, 3893), thus:

"Section 8.—The widower or widow who, on the death of his or her spouse is not divorced, or should be divorced through the fault of the deceased spouse, shall have a right to a portion in usufruct equal to that corresponding by way of legal portion to each of the legitimate children or descendants who have not received any additional portion.

"If only one legitimate child or descendant shall survive the widower or widow shall have the usufruct of that third which is authorized by law to be applied to additional portions, the former preserving the naked ownership until, on the death of the surviving spouse, the full title is merged in him.

"If the spouses are separated by a suit for divorce, the result of the suit shall be awaited.

"The provisions of this section and of the subsequent Sections 9, 10, 11, 12 and 13 of this Act, shall apply in like manner to the intestate as well as the testate succession."

Section 8, *supra,* which, except for the last paragraph and the italicized word "legitimate" in the second paragraph, is identical with section 834 of the Spanish Civil Code, *supra,* was incorporated as section 761 in the 1930 edition of our Civil Code.

When, on March 9, 1911, the Legislature adopted the cited section 761 and incorporated the same in the Civil Code, section 163 of the Civil Code of 1902, which provides that marriage is dissolved by divorce, was already in force in this island and had been so for nine years.

The evident purpose of the lawmaker in eliminating from the Civil Code of 1902 the provisions of section 834 of the Spanish code could have been no other than to deny any

usufructuary share to the surviving divorced spouse, whether or not the latter was the guilty party in the divorce proceedings. The legislative intention in enacting section 761 in force, notwithstanding the provisions of section 163, must have been to grant the surviving spouse who, on the death of the other spouse, should be divorced by the fault of the deceased, the same rights recognized in favor of a widower or widow, who, at the time of the death of his or her spouse, is not divorced. We are inclined to affirm the decision appealed from, not only because of the clearness and precision with which the statute is worded, but also because it would be beyond our power to hold that the provision in the first paragraph of section 761, *supra,* which relates to the divorced surviving spouse who is innocent, is absolutely without validity or meaning. In order to so hold, we would have to assume, against logic and the clear and precise language of the statute, that the intention of the lawmaker in enacting section 761 was to punish the innocent and dutiful spouse, by depriving him or her of any share in the estate of the guilty spouse.

The case of *Ex parte Tormes, supra,* must be considered as overruled in so far as it is inconsistent with this opinion and, as we have already stated, confirmed in so far as it holds that the innocent spouse who, at the time of the death of the guilty spouse has already remarried, is not entitled to any usufructuary share.

For the reasons stated the decision appealed from must be affirmed.